**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Lighthouse Estates LLC, | : | Case No. 26-31992-jal |
| | : | |
| Debtor. | : | Honorable Joan A. Lloyd |

**OBJECTION OF THE PLAINTIFFS TO EMERGENCY MOTION FOR SANCTIONS FOR WILLFUL VIOLATIONS OF AUTOMATIC STAY AND RELATED MISCELLANEOUS RELIEF**

Directed Trust Company FBO Christopher Adanene Roth IRA and certain other plaintiffs (collectively, the "Plaintiffs"), in the *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*, No. 2:26-cv-00141 (JMA) (ST) litigation (the "New York Litigation") pending before the United States District Court for the Eastern District of New York (the "New York Court"), by and through counsel, hereby objects (the "Objection") to the *Emergency Motion for Sanctions for Willful Violations of Automatic Stay and Related Miscellaneous Relief* [Docket No. 6] (the "Motion") and supplement [Docket No. 11] filed by Bear Capital, LLC ("Bear Capital") in the *In re Lighthouse Estates, LLC*, Chapter 7 Bankruptcy Case (the "Bankruptcy Case") as well as the *Joinder of Crystal Cervantez-TKAC and Simaya Innovations LLC in Bear Capital LLC's Emergency Motion for Sanctions [Doc 6], and Supplemental Statement that the New York Receiver Order is Void for Want of Jurisdiction and Want of Magistrate Authority* [Docket No. 13] (the "Joinder") filed by Crystal Cervantez-TKAC and Simaya Innovations LLC (together, the "Joiners"). In support of this Objection, the Plaintiffs respectfully state as follows:

## INTRODUCTION

1. The Motion should be denied as it is part of continued litigation between Bear

Capital and other entities aligned with the Debtor in the New York Litigation adverse to the Plaintiffs. Indeed, much of the Motion, the Joinder, and Bear Capital's later supplement focus on arguments regarding whether service was appropriate in the New York Litigation, whether due process was effected in that case, and whether the New York Court has jurisdiction. This involuntary bankruptcy case is not the appropriate forum to re-litigate these issues.

2. Not surprisingly then, the Motion fails on its merits. As set forth below, the Motion fails on three grounds. Bear Capital lacks standing to bring the Motion. Second, the actions complained of are not violative of the automatic stay imposed by section 362 of the Bankruptcy Code. Third, there have been no damages from the actions complained of.

## BACKGROUND

### A. The Debtor Consented to an Involuntary Bankruptcy Petition.

3. On January 9, 2026, Summitbridge Wealth Management LLC and Arna Premier Property Solutions (together, "Summitbridge"), filed a complaint against Lighthouse Estates LLC (the "Debtor") with the New York Court, thereby commencing the New York Litigation. In the New York Litigation Summitbridge alleged that the Debtor coordinated a scheme to fraudulently induce private money lenders to fund real estate transactions through material misrepresentations, concealment, and the misuse of investor funds in a manner consistent with a Ponzi-style scheme. Subsequently, the other Plaintiffs joined with Summitbridge to file an amended complaint against the Debtor and many non-debtor affiliates.

4. On July 8, 2026, the New York Court entered the Order Appointing Receiver [Docket No. 120], by which it appointed Stephen J. Donell of FedReceiver, Inc. (the "Receiver") as Receiver for the Debtor and certain other non-debtor defendants in the New York Litigation.

5. On July 28, 2026, Bear Capital, Adela Huesca, and Carlos Holguin filed an

involuntary petition under section 303 of title 11 of the United States Code (the "Bankruptcy Code") with this Bankruptcy Court against the Debtor, thereby commencing the Bankruptcy Case. The Debtor has not yet responded to the involuntary petition, nor has this Bankruptcy Court entered an order for relief.

6. After the Petition Date, counsel for both the Plaintiffs and the Receiver exchanged correspondence and had conferences with counsel for Bear Capital. In those communications the Plaintiffs and the Receiver sought information and stated that they opposed the commencement of the Bankruptcy Case – namely because Bear Capital was subject to the Receiver's control per an order in the New York Litigation. The Plaintiffs and the Receiver did not pressure the Debtor however or seek to seize any assets of the Debtor.

7. On August 5, 2026, the Plaintiffs submitted a letter to the New York Court (the "Letter") regarding discovery deficiencies of non-debtor defendants in the New York Litigation Bluestar Capital LLC, True Title Escrow Agency LLC, Marcia Donaldson and Hidden Gems TC Services, LLC. The Plaintiffs identified in the Letter that the targets they were seeking discovery from were not debtors in the Bankruptcy Case.

8. On August 10, 2026, Bear Capital filed the Motion.

9. On August 12, 2026, the Bankruptcy Court held an initial hearing on the Motion. The Bankruptcy Court continued that hearing to September 22, 2026, and set August 29, 2026 as the deadline to object to the Motion. That same day, the Joiners filed the Joinder.

10. On August 13, 2026, Bear Capital filed a supplement to the Motion [Docket No. 15].

11. On August 25, 2026, Andrew Hayes – counsel for the Plaintiffs in the New York Litigation – filed an objection to the Motion [Docket No. 21].

## OBJECTION

12. The Motion should be denied for three reasons. First, Bear Capital lacks standing to bring the Motion. Second, the actions complained of are not violative of the automatic stay imposed by section 362 of the Bankruptcy Code. Third, there have been no damages from the actions complained of. What is more, the Motion and Joinder are inappropriate efforts to re-litigate issues before the

**A. Bear Capital Lacks Standing to Enforce the Automatic Stay.**

13. "[T]he legislative history of § 362 makes it clear that the automatic stay is primarily intended to protect the debtor and property of the estate." *In re Tamarack Dev. Assoc., LLC*, 611 B.R. 286, 297-98 (Bankr. W.D. Mich. 2020) (citing H.R. Rep. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97). As a result, some courts have held that only a debtor or a bankruptcy trustee have standing to file a motion seeking to enforce the automatic stay. *See e.g., In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991) ("[T]he majority of jurisdictions which have considered standing under the automatic stay provision, 11 U.S.C. § 362, have concluded that section 362 is intended solely to benefit the debtor estate. Language from many cases indicates that, if the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay.") (citations omitted). Other courts have permitted creditors to seek to enforce the automatic stay when the creditor alleges "an injury in his capacity as a creditor of the estate rather than in some other capacity" and a "direct particularized injury" that is distinct from the general injury done to the estate. *In re Ampal-American Israel Corp.*, 502 B.R. 361, 369-71 (Bankr. S.D.N.Y. 2013).

14. The United States Court of Appeals for the Sixth Circuit has not opined on whether a party other than a trustee or debtor may seek to enforce the automatic stay imposed by section

362 of the Bankruptcy Code. In *Tamarack*, a court within the Sixth Circuit held that a creditor who was seeking to enforce the automatic stay was not within "the zone of interests" that section 362 of the Bankruptcy Code was meant to protect, and therefore he lacked standing to file a motion to enforce the stay. 611 B.R. 297-98. Specifically, in that case the movant was a target of litigation which he believed that the bankruptcy trustee should control. *Id.* The movant lacked standing because by filing his motion, the movant "is not coming in here to try to protect the estate; he is trying to protect himself." *Id.* at p. 298 fn 14. Another court within the Sixth Circuit reached a similar conclusion when it held that a "solvent third party, garnishee, and potential judgment debtor of [the party against whom the motion was filed], does not have standing under § 362 to challenge violations of the automatic stay, enjoin … prosecution of the state court action, and recover damages." *In re Clemmens*, 178 B.R. 160, 168 (Bankr. E.D. Tenn. 1995).

15. As applied here, Bear Capital lacks standing to bring the Motion because it is not seeking to protect an asset of the Debtor's bankruptcy estate. Instead, just like the movant in Tamarack, Bear Capital is trying to protect itself in the New York Litigation. The Letter that Bear Capital complains of was filed to compel the production of documents from non-debtors, the letters and positions that Bear Capital complains of were sent to Bear Capital – not the Debtor.

## B. The Plaintiffs Did Not Violate the Automatic Stay.

16. In the Motion Bear Capital alleges that the Plaintiffs violated four separate provisions of section 362 of the Bankruptcy Code and the automatic stay it imposes – 11 U.S.C. §§ 362(a)(1), (2), (3), and (6). These allegations are meritless, as the Plaintiffs did not violate any of the referenced sections of the Bankruptcy Code.

### ***i. The Plaintiffs did not violate the automatic stay imposed by section 362(a)(1) of the Bankruptcy Code which prohibits litigation against a debtor.***

17. Section 362(a)(1) of the Bankruptcy Code automatically stays the commencement or continuation of litigation against a debtor. 11 U.S.C. § 362(a)(1). The automatic stay imposed by section 362(a)(1) of the Bankruptcy Code does not extend to actions taken against non-debtors who are co-defendants in litigation where the debtor is also a defendant. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-1200 (6th Cir. 1983). "Instead, actions against nondebtor codefendants may be stayed under § 362(a)(1) only in 'unusual circumstances,' which can arise where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *In re Johnson*, 548 B.R. 770, 787-88 (Bankr. S.D. Ohio 2016) (quoting *Am. Imaging Servs., Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.*), 963 F.2d 855, 861 (6th Cir. 1992). "Unusual circumstances" have been found:

(1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant;
(2) when the proceeding imposes a substantial burden of discovery on the debtor; or
(3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party.

*In re Johnson*, 548 B.R. at 787-88 (citations omitted).

18. As applied here, the Plaintiffs submitted the Letter to the New York Cout in an effort to compel the production of documents and discovery responses from non-debtors. On its face, this litigation against non-debtors is not a violation of the automatic stay imposed under section 362(d)(1) of the Bankruptcy Code. Just as the Sixth Circuit Court of Appeals found over forty years ago in *Johns-Manville*, the Plaintiffs were entitled to continue litigating against non-debtors in the New York Litigation. 710 F.2d at 1196-1200. The Plaintiffs' counsel and the Receiver's counsel sent correspondence to Bear Capital's counsel and submitted the Letter to the



27228478.v1

New York Court seeking to compel discovery responses from non-debtors. However, the Plaintiffs and their counsel ***did not*** seek to compel discovery from the Debtor, file a pleading that sought relief adverse to the Debtor or otherwise prosecute litigation claims against the Debtor.

19. What is more, there are no "unusual circumstances" to merit the extension of the automatic stay under section 362(a)(1) of the Bankruptcy Code. The issues of indemnification have not been identified by the Debtor or Bear Capital, no discovery was being sought from the Debtor in the Letter, and no arguments regarding preclusion have been raised by any party.

***ii. The Plaintiffs did not violate the automatic stay imposed by Section 362(a)(2) of the Bankruptcy Code which prohibits efforts to enforce a judgment against a debtor or property of its estate.***

20. Section 362(a)(2) of the Bankruptcy Code automatically stays a parties "enforcement, against the debtor or against property of the estate, of a judgment…." 11 U.S.C. § 362(a)(2). Here, the section is inapplicable as the Plaintiffs have not obtained a judgment against the Debtor. Further, the Plaintiff's submission of the Letter to the New York Court and correspondence with counsel for non-debtor Bear Capital is not enforcing any form of judgment against the Debtor or property of its bankruptcy estate. At most there is an effort by the Plaintiffs and the Receiver to enforce the terms of the TRO on non-debtor Bear Capital, but as a non-debtor Bear Capital is not protected by the automatic stay.

***iii. The Plaintiffs did not violate the automatic stay imposed by section 362(a)(3) of the Bankruptcy Code which prohibits acts to exercise control over property of the estate.***

21. "The automatic stay of § 362(a) applies by its terms not only to actions against the debtor," *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d at 567, 578 (6th Cir. 2005), but also to acts to "exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Specifically, the United States Court of Appeals for the Sixth Circuit has found that "an action taken against a

nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the § 362(a)(3) automatic stay provision." *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d at 578 (citations omitted).

22. Here, section 362(a)(3) of the Bankruptcy Code does not require the immediate dismissal of the New York Litigation or that non-debtor affiliates such as Bear Capital no longer face the threat of receivership in the New York Litigation. *In re HSM Kennewick, L.P.*, 347 B.R. 569, 572 (Bankr. N.D. Tex. 2006) ("Interpreting section 362(a)(3) to apply the automatic stay to [debtor's affiliate's] receivership action would construe section 362(a)(3) more expansively than the express language of the provision."). What is more, seeking to compel discovery responses in the New York Litigation from non-debtor defendants does not constitute something that would have an "adverse impact" on the Debtor and its creditors. *Innerwood & Co., LLC v. Privett* (*In re Privett*), 557 B.R. 580, 585-87 (S.D. Ohio 2016) (concluding that "in the absence of unusual circumstances, an automatic stay pursuant to § 362 should not be extended to prohibit taking discovery from a debtor in proceedings against solvent defendants" and reversing the Bankruptcy Court's ruling, as an abuse of discretion, noting there was "no factual support for the assertion that the deposition would impose a substantial burden on the bankruptcy estate or have an adverse impact on other creditors."

***iv. The Plaintiffs did not violate the automatic stay imposed by section 362(a)(6) of the Bankruptcy Code which prohibits acts to collect, assess, or recover a claim against the debtor.***

23. Section 362(a)(6) of the Bankruptcy Code stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under this title." 11 U.S.C. § 362(a)(6). As applied here, the Plaintiffs have sought discovery from non-debtors via the letter and have exchanged correspondence with Bear Capital – but the Plaintiffs have not

sought to "collect, assess, or recover" against the Debtor.

**C. Bear Capital Is Not Entitled to Any Damages.**

24. Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

25. "When the entity injured by a violation of the automatic stay is not 'an individual,' … that entity may be awarded appropriate relief based on 11 U.S.C. § 105(a), which permits the bankruptcy court to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code." *In re M.T.G., Inc.*, 646 B.R. 1, 174-75 (Bankr. E.D. Mich. 2022). For courts to award damages for a violation of the automatic stay under section 105(a) of the Bankruptcy Code two requirements must be met:

> First, "there has to be a willful violation of the automatic stay.' 'Willful,' within the meaning of § 362(a), means that 'the creditor knew of the bankruptcy case or knew of the stay' and 'violated the stay by some intentional conduct.' 'There is no requirement for a willful stay violation that the actor knew that the act would violate the automatic stay or had a specific intent to violate the automatic stay.' Second, 'the Court must find that punitive damages, and in fact a specific amount of any punitive damages awarded[,] is necessary to deter and thereby prevent the ... the defendant from continuing to violate the automatic stay in the future, or from violating ... the automatic stay again in the future.'

*Id.* at 176.

26. As applied here, because neither the Debtor nor the party seeking relief in the Motion, Bear Capital, are individuals, damages are not available under section 362(k)(1) of the Bankruptcy Code. What is more, damages are not available under section 105(a) of the Bankruptcy Code because the Plaintiffs have not "willfully" sought to violate the automatic stay. Indeed, as explained throughout this Objection, the Plaintiffs through their counsel communicated

with Bear Capital's counsel – not the Debtor – and the Plaintiffs submitted the Letter to the New York Court to seek discovery from non-debtors. These actions are not violative of the automatic stay, let alone are they "willful."

**D. Bear Capital and the Joiners Are Inappropriately Seeking to Litigate Issues Raised In the New York Litigation in this Bankruptcy Case.**

27. Bear Capital and the Joiners seek to litigate issues raised in the New York Litigation here before the Bankruptcy Court. However, the involuntary bankruptcy case is not the proper forum to litigate these issues, nor is the Motion the appropriate pleading in which to raise them. For example, in the Joinder the Joiners assert that the order appointing the Receiver is void for want of jurisdiction. Similarly, in the Motion Bear Capital asserts that it was not properly served in New York Litigation and that the New York Court's orders do not bind it. In both instances, the use of this involuntary bankruptcy case to litigate these issues is simply inappropriate.

[*remainder of page intentionally left blank*]

WHEREFORE, the Plaintiffs respectfully requests that the Court enter an order: (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 29, 2026

Respectfully,

/s/ James R. Irving

James R. Irving
David K. Boydstun, Jr.
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com
david.boydstun@dentons.com

*Counsel to the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2026, I filed the Objection using the Court's EM/ECF system, which will send notification of such filing to CM/ECF participants who have appeared in this case.

/s/ *James R. Irving*
James R. Irving